## HARGROVE, administrator, v. COVINGTON.

The allegations of the petition, which must be taken as true in passing upon the general demurrer thereto, showed that the fund in the hands of the defendant administrator, for the recovery of which the action was brought, equitably belonged to the petitioner, and that he was entitled to recover the same. Therefore the general demurrer was properly overruled.

JANUARY 22, 1913.

Equitable petition. Before Judge Bell. Fulton superior court. October 20, 1911.

Covington brought an action against John E. McClelland, F. A. Hargrove, C. W. Mangum as sheriff, and W. A. Hargrove as administrator of the estate of Hattie E. Covington, deceased. There was no service as to McClelland and F. A. Hargrove. The substance of the petition as amended, so far as it needs to be now stated, was as follows: · Petitioner, being indebted to a bank to the amount of $360, and desiring to have it paid, entered into 'an agreement with his wife, Hattie E. Covington, and her father, F. A. Hargrove, in accordance with which petitioner conveyed to his wife a certain described house and lot in the city of Atlanta, then owned and occupied by petitioner, his wife, and their children as a home. She subsequently, in pursuance of such agreement, borrowed from her father, F. A. Hargrove, the sum of $350 with which to pay the debt which petitioner owed the bank. She gave to her father her several promissory notes for the amount loaned by him to her, and executed and delivered to him a deed to the house and lot above referred to, as security for the payment of her notes, he giving to her a bond to reconvey the property to her upon the payment of the notes; " . . it being the understanding, that when petitioner paid back the said borrowed money loaned by the said F. A. Hargrove to Hattie E. Covington, that petitioner's wife, the said Hattie E. Covington, was to make petitioner a deed reconveying to him said property." The property, at the time petitioner conveyed it to his wife, was worth $2,500. While the consideration stated in such conveyance was $350 and love and affection, there was in truth no consideration other than the purpose of placing the title to the property in petitioner's wife in order that she might use it as security in obtaining the loan from her father, with which to pay petitioner's debt to the bank. Petitioner's wife died prior to the maturity of the notes she gave

her father, and her brother, W. A. Hargrove, was appointed as the administrator of her estate, which was insolvent. F. A. Hargrove obtained judgments in a justice's court, on the notes given him by petitioner's wife, against W. A. Hargrove as the administrator of her estate. The executions were levied upon the house and lot, the petitioner, as tenant in possession, being duly notified thereof, and the property was regularly sold under such levies by Mangum, sheriff, to McClelland for $1,550. The petition alleged that both F. A. Hargrove and W. A. Hargrove fully understood all of the arrangement and undertaking as to the real purpose of the conveyance by petitioner of his house and lot to his wife, and of the conveyance by her to F. A. Hargrove; and there was a general allegation that F. A. Hargrove and W. A. Hargrove, "after her death, formed a conspiracy to defraud your petitioner out of his said house and lot." The prayers were, that McClelland be enjoined from paying to Mangum as sheriff, or to W. A. Hargrove as administrator, any of the proceeds of the sheriff's sale, other than the sum of $360 with interest; that Mangum, sheriff, be enjoined from paying to W. A. Hargrove, administrator, any more of the proceeds of such sale than the sum above mentioned, and that W. A. Hargrove as administrator be enjoined "from paying out any money arising from the sale of this property," and that he "be required to pay over to plaintiff the amount of said sale of said land, with the exception of the sum of $360 and interest, which plaintiff admits that he owes said administrator." There was also a prayer for general relief. It appeared from an amendment allowed to the petition, that the balance of the money arising from the sale of the property by the sheriff, after satisfying the executions under which it was sold, had been paid over by him to W. A. Hargrove, administrator.

W. A. Hargrove, as administrator, demurred generally and specially to the petition. The demurrers were overruled, and he excepted.

*Hewlett & Dennis* and *George F. Gober,* for plaintiff in error:

*Howell C. Erwin,* contra.

FISH, C. J. (After stating the facts.) As will be seen from the foregoing statement of facts, the petition as finally amended sought relief only against W. A. Hargrove as the administrator of the estate of the petitioner's deceased wife, Hattie E. Covington; as

two of the defendants, McClelland and F. A. Hargrove, were not served, and the last amendment to the petition alleged that Mangum, sheriff, had paid over to the administrator the fund sought to be recovered by the petitioner. Under the allegations of the petition, which must be taken as true in passing on the general demurrer, the fund for which the action was brought equitably belonged to the petitioner and he was entitled to recover the same; therefore the general demurrer to the petition was properly overruled; and this is true whether or not the petitioner was entitled to all of the relief for which he prayed.

The special demurrers which were in any wise meritorious were met by amendments to the petition.

In the brief of counsel for plaintiff in error some points are urged which were not raised by any assignment of error; therefore they can not be considered. The judgment overruling the general demurrer to the petition is   *Affirmed. All the Justices concur.*